### LIABILITY FOR RENT WHERE ONE OF TWO LESSEES HOLDS OVER.

Circuit Court of Cuyahoga County.

JOHN WAGEMAN ET AL V. HELEN V. STEVENS ET AL AND NOAH ELLEN V. SAMUEL LEES.[*]

Decided, November 22, 1909.

*Lease—Holding Over—Terms of New Lease—Parties Thereto.*

1. One of two lessees named in a lease can not, by merely holding over after termination of the term of the lease, bind his co-tenant for payment of rent, said co-tenant not participating in the actual occupancy of the premises after termination of the term fixed by the original lease to which he was a party.
2. One who sues under favor of Revised Statutes, 4995, not as the real party in interest but as the agent with whom and in whose name, as lessor, the original written contract of lease was made, can not maintain an action for rent accruing after the expiration of the express agreement and while the tenant continues as such, merely holding over.

*G. C. Hafley* and *Loomis & Pfeiffer*, for plaintiffs in error.

*Humphrey & Taylor, Carpenter, Young & Stocker*, and *J. S. Kohn*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Each of these proceedings involves the liability of a lessee holding over, to pay rent. and requires us to ascertain the true

---

[*]Affirmed without opinion, *Wageman et al* v. *Stevens et al*, 85 Ohio State, 490.

ground of the continued existence of the relationship of land-lord and tenant in such case. In either proceeding the parties stand as they did below, and error is prosecuted to reverse a judgment denying recovery for instalments of rent alleged to be due from a hold-over tenant.

The precise question in the first case is whether one of two lessees named in the original written lease, can, by merely hold-ing over, bind his co-tenant, who never participated in the actual occupancy of the premises and who was in fact, though not in form, a mere surety for the payment of the rent reserved.

The question in the second case is whether one who sues under favor of Section 4995, Revised Statutes, not as the real party in interest, but as the agent with whom, and in whose name, as lessor, the original written contract was made, can maintain his action for rent accruing after the expiration of their express agreement and while the tenant continues as such merely holding over.

In *B. & O. R. R. Co.* v. *West,* 57 Ohio St., 161, the second and third paragraphs of the syllabus read:

"Where, after the expiration of the term, the tenant holds over and pays rent for a part of another year, without any new arrangement with the landlord, he becomes a tenant for that year at the same rent, and can not terminate the tenancy before the end of the year without the landlord's consent.

"The obligation of the tenant to pay the rent for the year, in such case, is not within the statute of frauds; the holding over being equivalent to a new entry."

And at page 168 of the *per curiam* opinion, this language quoted later in *Gladwell* v. *Holcomb,* 60 Ohio St., 427, 435, is used:

"The tenant by holding over, is regarded as consenting or proposing to enter upon a new term for another year at the same rent and upon the conditions of the prior occupancy and the land-lord's acceptance of the proposed tenancy is presumed from his receiving the rent, or other acquiescence. The agreement arises by implication of law from the conduct of the parties after the expiration of the former tenancy; and, in this respect, is es-sentially different from those agreements made by parties while in possession under an existing lease, for a new lease to commence

in the future; as was the case of *Armstrong* v. *Kattenhorn,* 11 Ohio, 265; and *Crawford & Murray* v. *Wick,* 18 Ohio St., 190.

"Here the new agreement grows out of, and is founded upon, the possession evidenced by the holding over, and is therefore referable to it, rather than to the possession under the prior agreement which had expired. The holding over is equivalent to a new entry."

We hold therefore that the privity of estate, or contract, or both, which the original instruments created, was terminated with the expiration of the terms therein contemplated and that it is a new and independent agreement, by the real parties in interest which the law implies, as between a tenant holding over and the owner of the land. There is no necessity that the implied agreement should be deemed to be between the same parties as the original lease. The new tenancy arises from the circumstances of the case and the conduct and interest of the parties. True, it follows the terms of the old agreement, but it does not depend upon it. It is only actual occupancy, the continuance of which gives rise to the assumpsit in regard to payment of rent. The obligation does not attach to one who has no participation in such actual occupancy. Neither does it accrue by implication of law to anyone whose interest is merely that of agent for the owner of the premises. The right implied is clearly the principal's right. He alone is deemed to be the landlord; and in like manner the actual occupant must be regarded as the tenant.

It follows that neither the landlord's agent as such, nor an original co-lessee who has never in fact occupied, is an appropriate party to an action for hold-over rent. There is no cause of action by or against such a party; and accordingly the judgments below are affirmed.